Wayne Spindler for petition. Okay, this gentleman is a... He's been in custody for three years now. I was wondering if he'd had any Rodriguez hearings. He has. And, incredibly, each one of them has been denied for no bond at all. They haven't even set a bond. The last time that he went, I was substituted as counsel, and a new counsel had a prolonged bond hearing. Did an incredible job, I thought. It was still denied, and it's on appeal, that bond decision. Even to the point where the counsel was going to enroll him into an intensive alcohol-related counseling, which is normally something I don't go to that extreme, but the family felt they needed to. And he's been separated. His wife is working as a waitress down in Long Beach on the big boat down there. Queen Mary? Yeah, his wife's a citizen. And her I-130 was finally approved in July 2015. And he has been separated about three years. He's been here since the age of 15. He went to school here and graduated with honors. He had a couple of run-ins on a DUIA. The last DUIA he had, he had a sentence of... He gave him a 365 on the second one, which is just outrageous. But he had a possession charge that apparently is only an infraction. Yes, and that's a question of first impression in our circuit, whether an infraction can make someone statutorily ineligible for cancellation. Yeah, which I think it doesn't for a number of reasons. And one of the reasons is an infraction is not giving a monetary – it gave at most a monetary punishment. It's not a probation or a jail sentence. But monetary punishment has often been a punishment for criminal activity. Right, but it's not a misdemeanor or felony. Right, but the fact that it's monetary punishment and not necessarily jail time doesn't make it not punishment. Right, but when you use the term infraction, they're talking about something that is not traditionally a restraint in the terms of a conviction under traditional common law. The reason they plead to an infraction is not to have the disability of something termed a conviction for a crime on somebody's record. That's why they have it. Is there California law in point on that? Section 17 of the Penal Code, and they – some offenses such as petty theft have something called infraction petty theft. And what does Section 17 say? That if a charge that could be a misdemeanor could be charged as an infraction. But that doesn't mean – how does that make it not criminal? Because it is something that cannot result in jail sentence. Okay. Wait, the BIA has a standard, right? Right. It says it has to be a genuine criminal proceeding, and it's a genuine criminal proceeding if the conviction can be used as an enhancement for a subsequent offense and if there exists the right to trial by jury. Is either factor met here? I don't think it is. Well, I mean, okay, so under California law, this infraction could not be used as an enhancement in another – if he were to be convicted again? No, I haven't seen it. Even if I've never seen him actually use an infraction as an enhancement. A misdemeanor, yes. Okay, and did he have the right to jury trial? Is this just like a ticket? It's a ticket, yeah. Okay, it's a ticket, so he didn't have the right for a jury trial. Right, he gets a ticket, yeah. It's one of those ticket things. And also, interestingly, both sides are coming to the conclusion it's an infraction, and also the amount is less than. Right, it's 28.5 grams. Yeah, less than 30. Less than, yeah. So given those two things, even if it was, it would be at most a – Given that we're going to make marijuana legal today. Yes, yes, because those people could come back and expunge those, yes. That's something I'd vote, yeah. It's retroactive? It is, it is. Yeah, actually the statute would come back retroactively and allow them to come back and cure records. Well, okay, that's off the statute. I'm sorry. Well, that's okay. I mean, I definitely like to have that – I have that debate at City Hall when I go down there. Yeah, so I guess – so you said that his wife now has received the I-130? Yes, it's been approved. So he's eligible for adjustment of status? He's eligible not stateside, but he'd be eligible for a 601 alpha, 601A waiver, and an alpha presence waiver. I'm sorry, I don't know what that is. Okay, well, he's – thanks to the Obama administration's regulations and updates on the law, if he leaves the country to get his visa, he needs to have a waiver of an alpha presence to get back. So what used to happen is that he would have to leave the country and wait for that waiver. Now you can stay stateside and get the waiver pre-approved before you leave to be sure it is approved so you don't leave without it not being approved. So he would be able to qualify and get it. However, being in custody and being in proceedings, it won't finalize the waiver. He would have to get out of custody to qualify and then to go back, if he gets approved, and seek VR to leave on the date before the hearing. So he could visa process. And also, even with the DUIs, there's been interpretations in the last year and a half where judges have come to me and they're telling me to go ahead and file these for people with DUIs. Two years ago, they said you couldn't get it with a DUI. So they've been changing the ramifications of that procedure. So that's another avenue. So cancellation is an avenue, and that would be another avenue. Do you want to reserve the rest of your time? Yes, I'll go ahead and do that. Thank you. Great. Thank you. Good morning. May it please the Court, in all use for the Attorney General. The government's position is that the petitioner's conviction for violating a controlled substance would, in fact, render him statutorily ineligible for cancellation of removal. But is it a conviction? I don't believe that it's been disputed that it's a conviction. It's simply disputed whether or not it constitutes, I guess, if the infraction would fall under as a criminal offense. I guess the petitioner's position is that the infraction would not constitute a criminal offense so as to bar him from cancellation of removal. And based on the treatment of California law of infractions, under California Penal Code 16, it defines crimes and public offenses to include felonies, misdemeanors, and infractions. What do you make of the BIA's holding that an infraction may constitute a conviction if it was entered in a genuine criminal proceeding? And then it goes on to define a genuine criminal proceeding as requiring a trial by jury. But California law expressly says you don't have the right to a trial by jury for this type of infraction. I would respond in that the Board also would indicate that you would look under whether or not it is a crime by taking a look at how the prosecuting jurisdiction treats that offense. And here the prosecuting jurisdiction is California, and they do specifically identify it as, while it's a minor offense, it nonetheless constitutes a crime. There has been California case law where it is specifically indicated that possession under this 11357B, while it may be a minor offense, is in itself remains a crime. So based on that, and the person here in this case was issued a ticket, was required to appear in court, and was required to receive, was required to be released on bail. He was required to perform community service in this as a result of his infraction. And I understand the term infraction generally is related to traffic tickets and things of the like. However, in this instance, the infractions in this case, the 11357B, California courts have deemed it a crime. And there is a formal judgment of guilt in the fact that the individual. Right, but does that necessarily mean that it's a crime within the meaning of the immigration law? Under immigration law, a crime would be a former judgment of guilt entered against the alien by a court. And in this instance, a person appeared in court was found to have committed the offense he was ticketed for and then required to serve community service. I believe that's a formal adjudication so as to render it, render immigration consequences from that infraction. Does the granting of the I-130 have any effect on this case? Not in terms of as it relates specifically to the case at bar, in that the applications before the court are asylum and cancellation of removal. The petitioner sought administrative closure in order to pursue that I-130 petition. However, the agency concluded that that wasn't appropriate in this case, and specifically citing petitioner's criminal history in declining to administratively close the case for him to pursue that form of relief. What's his criminal history? I believe it is two separate instances of DUI convictions, one of which I believe he was serving during his time during proceedings, and the second being infraction for possession of a controlled substance. And ultimately, that falls within the discretion of the board in terms of whether or not to grant administrative closure for the individual to pursue. One of the factors they can consider is likelihood of success, and they deem based on his criminal history that there wasn't a likelihood of success. But none of those is an aggravated felony of crime of moral turpitude or crime of violence. It would make him statutorily ineligible. That may be the case, but ultimately the discretion falls within the agency in order to whether or not to administratively close the case. So you've already mediated this for that purpose? I don't believe a mediation was addressed in this case. It was never requested, or a prosecutorial discretion of any sort was ever requested, if my memory serves me. Because it sounds like one of those cases where, especially given what's going to happen in the election, that could be successfully mediated. That is a possibility. I guess our focus is on the record that's before us. But you guys have not been through the Ninth Circuit mediation? I don't believe so, no. Would you be willing to pursue that? If the court requested, we would pursue it. But based on the decision to not administratively close the case, which is something the court doesn't have jurisdiction over, there is no reason that the pursuit of the I-130 is separate from this case. It seems like the equities with his wife being a U.S. citizen and having gotten an I-130 for him. I understand that. And I would say that those factors would more address in the adjudicating agency, not before the position that I could take. Okay. And as to the remaining aspect with the asylum case, we would rest on the briefness of that aspect of this case. Okay. There are no further questions. Thank you, Your Honors. And we believe that the petition for review should be denied. Thank you. Thank you. You have three minutes. Okay. You have three minutes. Yeah. But just to say that I appreciate everything, and I would request that this decision be sent back for further proceedings so that what we need to get is we need to get him a bond and we need to get this I-130 and everything processed so he can be with his family. It's been over three years for it's almost double jeopardy at this point, what's happening. It's just tragic. So I would ask you to please sustain or grant our petition for review. Thank you very much. Thank you. Thank you. Miranda Sanchez, Business Alliance, is submitted.
judges: Wardlaw, Bybee, Bell